FILED

2010 OCT 20  PM 4: 23

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

CY_____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

February 2010 Grand Jury

| UNITED STATES OF AMERICA, | ) CR No. 10- **CR10 1159** |
|---|---|
| Plaintiff, | ) I N D I C T M E N T |
| v. | ) [18 U.S.C. § 1343: Wire Fraud; |
| MARIA GABRIELA HASHEMIPOUR, | ) (c)(1)(A)(i): Access Device |
| aka "Maria Gabriela Perez," | ) Fraud; 18 U.S.C. §§ 1029(a)(5), |
| aka "Maria Gabriella Perez," | ) (c)(1)(A)(ii): Access Device |
| aka "Gabriella Perez | ) Fraud; 18 U.S.C. § 1028A(a)(1): |
| Rustichelli," | ) Aggravated Identity Theft; 18 |
| aka "Maria De Jesus Gonzalez | ) U.S.C. § 1546(a): Possession Of |
| Perez," | ) a Passport Procured By a False |
| dba "Chez Gabriela Studio," | ) Statement; 18 U.S.C. § 2(b): |
| | ) Causing an Act To Be Done] |
| Defendant. | ) |

The Grand Jury charges:

INTRODUCTORY ALLEGATIONS

1.    At all times relevant herein, defendant MARIA GABRIELA HASHEMIPOUR, also known as ("aka") "Maria Gabriela Perez," aka "Maria Gabriella Perez," aka "Gabriella Perez Rustichelli," aka "Maria De Jesus Gonzalez Perez," doing business as "Chez Gabriela

///

WLH:wlh

1   Studio" ("defendant HASHEMIPOUR"), operated "Chez Gabriela

2   Studio" in Beverly Hills, California, within the Central District

3   of California.

4       2.    At all times relevant herein, American Express operated

5   a credit card service and operated in interstate and foreign

6   commerce.   American Express operated computer servers in Arizona

7   and Florida at all times relevant herein.

8       3.    At all times relevant herein, Chase Manhattan Bank

9   operated a credit card service ("Chase Visa") that was

10  headquartered in the State of New York and operated in interstate

11  and foreign commerce.

12      4.    At all times relevant herein, Barclaycard operated a

13  Visa credit card service that was headquartered in the State of

14  Delaware and operated in interstate and foreign commerce.

15      5.    At all times relevant herein, Citibank operated Visa

16  and MasterCard credit card services that had operations in the

17  State of South Dakota and operated in interstate and foreign

18  commerce.

19      6.    At all times relevant herein, Transfirst/Merchant

20  Services was a credit card processor for merchants that was

21  located in Colorado and Texas and operated in interstate and

22  foreign commerce.

23

24

25

26

27

28

COUNTS ONE THROUGH SEVENTEEN

[18 U.S.C. §§ 1343, 2(b)]

7.   The Grand Jury hereby repeats and realleges paragraphs 1 through 6 of this Indictment as if fully set forth herein.

I.   THE SCHEME TO DEFRAUD

8.   Beginning on a date unknown, and continuing through on or about July 16, 2010, in Los Angeles County, within the Central District of California, and elsewhere, defendant HASHEMIPOUR, knowingly and with intent to defraud, devised, participated in, and executed a scheme to defraud multiple credit card customers, including but not limited to E.R., P.C., S.H., K.H., S.S., A.H., M.G., E.G., L.T., D.G., L.R., and C.B. (collectively "the Customer Victims"), and credit card companies, including but not limited to American Express, Citibank, Chase Manhattan Bank, City National Bank and Barclaycard (collectively, "the Credit Card Victims"), as to material matters, and to obtain money and property from the Customer Victims and Credit Card Victims by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

9.   The scheme operated in the following manner:

a.   Defendant HASHEMIPOUR obtained access device information from the Customer Victims when they paid for services at her beauty salon.

b.   Defendant HASHEMIPOUR thereafter would make unauthorized charges to the Customer Victims' credit cards, misrepresenting to the Credit Card Victims that the charges were authorized transactions.

3

1    c.    Defendant HASHEMIPOUR concealed her scheme by not

2  telling the Customer Victims that she would be making the

3  unauthorized charges to their credit cards.

4    d.    Defendant HASHEMIPOUR also concealed her scheme by

5  not telling the Credit Card Victims that the unauthorized charges

6  were not authorized by the Customer Victims.

7    e.    Defendant HASHEMIPOUR also concealed her scheme by

8  claiming to some Credit Card Victims that the Customer Victims

9  had in fact authorized the charges.

10 II.   THE USE OF THE WIRES

11    10.   On or about the dates set forth below, within the

12 Central District of California and elsewhere, defendant

13 HASHEMIPOUR, for the purpose of executing and attempting to

14 execute the above-described scheme to defraud, transmitted,

15 willfully caused the transmission, and aided and abetted the

16 transmission of, the following items by means of wire and radio

17 communication in interstate and foreign commerce:

| COUNT | DATE | ITEM WIRED |
|---|---|---|
| ONE | Dec. 29, 2005 | $32,888.00 charge to American Express card of E.R. ending in account number 1008 |
| TWO | Sept. 28, 2006 | Request for authorization for $4,500.00 charge to American Express card of P.C. ending in account number 1004 |
| THREE | July 2, 2007 | Request for authorization for $7,500.00 charge to American Express card of S.H. ending in account number 6002 |
| FOUR | Mar. 6, 2008 | Request for authorization for $7,500.00 charge to American Express card of K.H. ending in account number 9003 |
| FIVE | May 19, 2008 | Request for authorization for $5,000.00 charge to American Express card of S.S. ending in account number 8005 |

4

| COUNT | DATE | ITEM WIRED |
|-------|------|------------|
| SIX | July 2, 2009 | Request for authorization for $8,220.00 charge to American Express card of A.H. ending in account number 3004 |
| SEVEN | July 9, 2009 | Request for authorization for $8,298.00 charge to American Express card of A.H. ending in account number 3004 |
| EIGHT | July 23, 2009 | Request for authorization for $8,200.00 charge to Citibank Visa card of M.G. ending in account number  0019 |
| NINE | Nov. 4, 2009 | Request for authorization for $37,000.00 charge to American Express card of E.G. ending in account number 1021 |
| TEN | Nov. 17, 2009 | Request for authorization for $69,890.00 charge to American Express card of L.T. ending in account number 1004 |
| ELEVEN | Dec. 17, 2009 | Request for authorization for $9,768.00 charge to a City National Bank Visa card of D.G. ending in account number 7014 |
| TWELVE | May 18, 2010 | Request for authorization for $3,705.00 charge to Citibank MasterCard of C.B. ending in account number 8783 |
| THIRTEEN | May 27, 2010 | Request for authorization for $4,500.00 charge to Citibank MasterCard of C.B. ending in account number 8783 |
| FOURTEEN | June 8, 2010 | Request for authorization for $4,500.00 charge to Citibank MasterCard of C.B. ending in account number  8783 |
| FIFTEEN | June 14, 2010 | Request for authorization for $5,000.00 charge to Citibank MasterCard of C.B. ending in account number 8783 |
| SIXTEEN | July 12, 2010 | Request for authorization for $4,500.00 charge to Citibank MasterCard of C.B. ending in account number 8783 |
| SEVENTEEN | July 16, 2010 | Request for authorization for $6,750.00 charge to Chase Manhattan Bank Visa card of L.R. ending in account number 0704 |

COUNTS EIGHTEEN THROUGH TWENTY-TWO

[18 U.S.C. §§ 1029(a)(2), (c)(1)(A)(i), 2(b)]

11.  The Grand Jury hereby repeats and realleges paragraphs 1 through 9 of this Indictment as if fully set forth herein.

12.  Beginning on a date unknown, and continuing through on or about July 16, 2010, in Los Angeles County, within the Central District of California, and elsewhere, defendant HASHEMIPOUR, in transactions affecting interstate commerce, knowingly and with intent to defraud, trafficked in, used, and willfully caused the trafficking in and use of unauthorized access devices, as defined in 18 U.S.C. § 1029(e)(1) and (3), specifically access device information of the Credit Card Victims, and by such conduct within each of the one-year periods described below, obtained things of value, their value together totaling $1,000 or more.

| COUNT | ONE YEAR PERIOD OR LESS |
|---|---|
| EIGHTEEN | October 21, 2005, through July 16, 2006 |
| NINETEEN | July 17, 2006, through July 16, 2007 |
| TWENTY | July 17, 2007, through July 16, 2008 |
| TWENTY-ONE | July 17, 2008, through July 16, 2009 |
| TWENTY-TWO | July 17, 2009, through July 16, 2010 |

1              COUNTS TWENTY-THREE THROUGH TWENTY-SIX

2           [18 U.S.C. §§ 1029(a)(5), (c)(1)(A)(ii), 2(b)]

3      13.  The Grand Jury hereby repeats and realleges paragraphs

4  1 through 9 of this Indictment as if fully set forth herein.

5      14.  Beginning on a date unknown, and continuing through on

6  or about July 16, 2010, in Los Angeles County, within the Central

7  District of California, and elsewhere, defendant HASHEMIPOUR

8  knowingly and with intent to defraud effected transactions

9  affecting interstate commerce with access devices issued to

10  others and by such transactions received payment of greater than

11  $1,000 within each of the one-year periods described below.

| COUNT | ONE YEAR PERIOD OR LESS |
|---|---|
| TWENTY-THREE | October 21, 2005, through July 16, 2006 |
| TWENTY-FOUR | July 17, 2006, through July 16, 2007 |
| TWENTY-FIVE | July 17, 2007, through July 16, 2008 |
| TWENTY-SIX | July 17, 2008, through July 16, 2009 |
| TWENTY-SEVEN | July 17, 2009, through July 16, 2010 |

COUNTS TWENTY-EIGHT THROUGH THIRTY-SIX

[18 U.S.C. §§ 1028A(a)(1), 2(b)]

15.  The Grand Jury hereby repeats and realleges paragraphs 1 through 9 of this Indictment as if fully set forth herein.

16.  On or about the dates set forth below, in Los Angeles County, within the Central District of California, and elsewhere, defendant HASHEMIPOUR knowingly used, and willfully caused to be used, without lawful authority, a means of identification of another person, that is, the access device information of the Credit Card Victims whose initials are set forth below, during and in relation to the commission of Wire Fraud, a felony violation of Title 18, United States Code, Section 1343, as charged in the counts of the Indictment referenced below.

| COUNT | DATE | VICTIM | SECTION 1343 COUNT |
| --- | --- | --- | --- |
| TWENTY-EIGHT | Dec. 29, 2005 | E.R. | ONE |
| TWENTY-NINE | Sept. 28, 2006 | P.C. | TWO |
| THIRTY | July 2, 2007 | S.H. | THREE |
| THIRTY-ONE | Mar. 6, 2008 | K.H. | FOUR |
| THIRTY-TWO | July 2, 2009 | A.H. | SIX |
| THIRTY-THREE | July 23, 2009 | M.G. | EIGHT |
| THIRTY-FOUR | Nov. 4, 2009 | E.G. | NINE |
| THIRTY-FIVE | Dec. 17, 2009 | D.G. | ELEVEN |
| THIRTY-SIX | July 16, 2010 | L.R. | SEVENTEEN |

COUNTS THIRTY-SEVEN THROUGH FORTY

[18 U.S.C. §§ 1028A(a)(1), 2(b)]

17.  The Grand Jury hereby repeats and realleges paragraphs 1 through 9 of this Indictment as if fully set forth herein.

18.  On or about the dates set forth below, in Los Angeles County, within the Central District of California, and elsewhere, defendant HASHEMIPOUR knowingly possessed and used, and willfully caused to be possessed and used, without lawful authority, a means of identification of another person, that is, the names and access device information of the Credit Card Victims set forth below, during and in relation to the commission of Access Device Fraud, a felony violation of Title 18, United States Code, Section 1029(a), as charged in the counts of the Indictment referenced below.

| COUNT: | DATE: | VICTIM: | SECTION 1029(a) COUNT: |
|---|---|---|---|
| THIRTY-SEVEN | Sept. 28, 2006 | P.C. | NINETEEN |
| THIRTY-EIGHT | May 19, 2008 | S.S. | TWENTY |
| THIRTY-NINE | July 9, 2009 | A.H. | TWENTY-ONE |
| FORTY | Nov. 17, 2009 | L.T. | TWENTY-TWO |

COUNT FORTY-ONE

[18 U.S.C. § 1546(a)]

19.   On or about August 18, 2010, in Los Angeles County, within the Central District of California, defendant MARIA GABRIELA HASHEMIPOUR, also known as ("aka") "Maria Gabriela Perez," aka "Maria Gabriella Perez," aka "Gabriella Perez Rustichelli," aka "Maria De Jesus Gonzalez Perez," doing business as "Chez Gabriela Studio" ("defendant HASHEMIPOUR"), knowingly possessed a document prescribed by statute and regulation for entry into the United States, namely, a United States passport in the name of Maria Gabriela Hashemipour, bearing passport number XXXXX2201, knowing such document to have been procured by means of a false claim and statement, specifically that defendant HASHEMIPOUR had been born in Spain, when in truth and in fact

///
///
///
///
///
///
///
///
///
///
///
///
///
///

1  defendant HASHEMIPOUR had been born in Mexico, and to have been

2  otherwise procured by fraud and unlawfully obtained.

3

4                                    A TRUE BILL

5                                    _/s/_____

6                                    Foreperson

7

8  ANDRÉ BIROTTE JR.
   United States Attorney

9

10

11 ROBERT E. DUGDALE
   Assistant United States Attorney
   Chief, Criminal Division

12

13 WESLEY L. HSU
   Assistant United States Attorney
14 Chief, Cyber & Intellectual Property Crimes Section

15 MONICA TAIT
   Assistant United States Attorney
16 Major Frauds Section

17

18

19

20

21

22

23

24

25

26

27

28